IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2006 JUL -7 PM 3: 19

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, )
 )
    Plaintiff, )
 )
           v. ) CAUSE NO. _____
 )
C.M.A. MORTGAGE, INC. d/b/a EMINENT )
MORTGAGE COMPANY and )
JASON WANEK, ) **1 : 06 -cv- 10 4 4 -SEB -VSS**
 )
 )
    Defendants. )
 )

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, American Family Mutual Insurance Company, by counsel, for its Complaint for Declaratory Judgment against the Defendants, would allege and state as follows:

1.    At all times relevant herein, C.M.A. Mortgage, Inc. d/b/a Eminent Mortgage Company, was a citizen of the State of Indiana which was a corporation organized, existing and conducting business in the State of Indiana, with its principle place of business located at 212 JH Walker Drive, in Pendleton, Indiana.

2.    At all times relevant herein, Jason Wanek, was a resident and citizen of the State of Illinois.

3.    At all times relevant to this cause, American Family Mutual Insurance Company was a citizen of Wisconsin as a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin, but authorized to do the business of insurance in the State of Indiana.

4.      From March 26, 1999 through March 26, 2007, American Family Mutual Insurance Company had issued a Business Owner's policy of insurance, policy number 13-X15281-01, to or on behalf of C.M.A. Mortgage, Inc., which policy of insurance contained certain terms, conditions, exclusions and other provisions.  (A representative copy of the Business Owner's policy of insurance is attached hereto as Exhibit A.)  This policy of insurance issued by American Family Mutual Insurance Company had a $1,000,000.00 limit of insurance.

5.      From March 26, 2004 through March 26, 2007, American Family Mutual Insurance Company had issued a Commercial Liability Umbrella policy of insurance, policy number 13-X15281-02, to or on behalf of C.M.A. Mortgage, Inc., which policy of insurance contained certain terms, conditions, exclusions and other provisions.  (A representative copy of the Commercial Liability Umbrella policy of insurance is attached hereto as Exhibit B.)  This policy of insurance issued by American Family Mutual Insurance Company had a $5,000,000.00 limit of insurance.

6.      From March 26, 1999 through March 26, 2004, American Family Mutual Insurance Company had issued a Commercial Blanket Excess Liability policy of insurance, policy number 13-X15281-02, to or on behalf of C.M.A. Mortgage, Inc., which policy of insurance contained certain terms, conditions, exclusions and other provisions.  (A representative copy of the Commercial Blanket Excess Liability policy of insurance is attached hereto as Exhibit C.)  This policy of insurance issued by American Family Mutual Insurance Company had a $1,000,000.00 policy limit.

7.      On August 18, 2005, Jason Wanek filed a lawsuit against C.M.A. Mortgage, Inc. d/b/a Eminent Mortgage Company, in the United States District Court for the Northern District of Illinois, Eastern Division, under cause number 05C-4775.  (A copy of the Underlying Lawsuit is attached hereto as Exhibit D, and is hereinafter identified as the "Underlying Lawsuit.")

8.      In the Underlying Lawsuit, Jason Wanek alleges that during 2005 he received a document from C.M.A. Mortgage, Inc. that states: "Information contained in your credit report was used in connection with this offer." (Underlying Lawsuit, Exhibit D, paragraphs 6 and 7.) (A copy of the relevant document allegedly mailed to Jason Wanek by C.M.A. Mortgage, Inc. is attached hereto as Exhibit E.)

9.      In the Underlying Lawsuit, Jason Wanek alleges that C.M.A. Mortgage, Inc. engaged in or arranged for the "prescreening" of consumers based on information in consumer reports held by a consumer reporting agency, which "prescreening" resulted in the mailers being sent to consumers such as Mr. Wanek. (Underlying Lawsuit, Exhibit D, paragraphs 9 and 10.)

10.     In the Underlying Lawsuit, Jason Wanek alleges that C.M.A. Mortgage, Inc. approved and authorized the dissemination of the materials for the purpose of targeting persons who have poor credit or have recently obtained bankruptcy discharges for subprime credit. (Underlying Lawsuit, Exhibit D, paragraph 14 and 18.)

11.     In the Underlying Lawsuit, Jason Wanek alleges that he did not authorize C.M.A. Mortgage, Inc. to access or use his consumer report, and that he did not initiate any transaction with C.M.A. Mortgage, Inc. (Underlying Lawsuit, Exhibit D, paragraphs 19 and 21.)

12.     In the Underlying Lawsuit, Jason Wanek alleges that C.M.A. Mortgage, Inc. may obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain permissible purposes, such as the extension of a firm offer of credit or insurance to the consumer. (Underlying Lawsuit, Exhibit D, paragraphs 22, 23, 24 and 26.)

13.     In the Underlying Lawsuit, Jason Wanek alleges that C.M.A. Mortgage, Inc. sent the materials to Mr. Wanek without his permission, and that the materials do not constitute a firm offer of credit to justify obtaining the consumer report of Mr. Wanek. (Underlying Lawsuit, Exhibit D, paragraphs 26, 27 and 28.)

3

14.     In the Underlying Lawsuit, Jason Wanek alleges that C.M.A. Mortgage, Inc. obtained or used his consumer report without his permission or a permissible purpose, which violated the requirements of the Fair Credit Reporting Act and was a willful violation of that Act. (Underlying Lawsuit, Exhibit D, paragraphs 29, 31, 32 and 33.)

15.     In the Underlying Lawsuit, Jason Wanek alleges that these actions by C.M.A. Mortgage, Inc. subjected him to an increased risk of improper disclosure and identity theft. (Underlying Lawsuit, Exhibit D, paragraph 11.)

16.     Jason Wanek did not assert a claim for any specified amount of damages in the Underlying Lawsuit, but did request class action certification for these violations, which class certification has been granted.  Since the liability limits in the policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc. far exceed $75,000.00, the Plaintiff believes in good faith that the jurisdictional requirements of this Court have been satisfied.

17.     Pursuant to the terms of the Business Owner's policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company will provide liability coverage as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

(Business Owner's policy of Insurance, Exhibit A, Section II-Liability, paragraph 1(a), at page 20 of 32.)

18.    Pursuant to the terms of the Business Owner's policy of insurance issued by

American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family

Mutual Insurance Company provides relevant definitions as follows:

> "Bodily injury" means bodily injury, sickness or disease sustained
> by a person, including death resulting from any of these at any
> time.

(Business Owner's policy of insurance, Exhibit A, Liability and Medical Expense Definitions,

paragraph 3, page 28 of 32.)

> "Property damage" means:
> a.    Physical injury to tangible property, including all resulting
> loss of use of that property. All such loss of use shall be deemed to
> occur at the time of the physical injury that caused it; or
> b.    Loss of use of tangible property that is not physically
> injured. All such loss of use shall be deemed to occur at the time
> of the "occurrence" that caused it.
> For the purpose of this insurance, electronic data is not tangible
> property.

(Business Owner's policy of insurance, Exhibit A, Liability and Medical Expense Definitions,

paragraph 17, page 30 of 32.)

> "Personal and advertising injury" means injury, including
> consequential "bodily injury", arising out of one or more of the
> following offenses:
> a.    False arrest, detention or imprisonment;
> b.    Malicious prosecution;
> c.    The wrongful eviction from, wrongful entry into, or
>        invasion of the right of private occupation of a room,
>        dwelling or premises that a person occupies, committed by
>        or on behalf of its owner, landlord or lessor;
> d.    Oral or written publication, in any manner, of material that
>        slanders or libels a person or organization or disparages a
>        person's or organization's goods, products or services;
> e.    Oral or written publication, in any manner, of material that
>        violates a person's right of privacy;
> f.    The use of another's advertising idea in your
>        "advertisement"; or



g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(Business Owner's policy of insurance, Exhibit A, Liability and Medical Expense Definitions, paragraph 14, pages 29-30 of 32.)

19.    Pursuant to the terms of the Business Owner's policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company excludes liability coverage as follows:

Applicable To Business Liability Coverage
This insurance does not apply to:
a.    Expected Or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Business Owner's policy of insurance, Exhibit A, Exclusions, paragraph 1(a), page 21 of 32.)

j.    Professional Services
"Bodily injury", "property damage", "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:
(1)    Legal, accounting or advertising services;
(2)    Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
(3)    Supervisory, inspection or engineering services;
(4)    Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
(5)    Any health or therapeutic service treatment, advice or instruction;
(6)    Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;
(7)    Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
(8)    Body piercing services; and
(9)    Services in the practice of pharmacy.

(Business Owner's policy of insurance, Exhibit A, Exclusions, paragraph 1(j), page 21 of 32.)

   p. Personal And Advertising Injury
     "Personal and advertising injury":
     (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";
     (2) Arising out of oral or written publication of material, if done at the direction of the insured with knowledge of its falsity;
     (3) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;
     (4) Arising out of a criminal act committed by or at the direction of the insured;
     (5) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.
          \* \* \*

(Business Owner's policy of insurance, Exhibit A, Exclusions, paragraph 1(p), page 24 of 32.)

  20. Pursuant to the terms of the Commercial Liability Umbrella policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company will provide bodily injury and property damage liability coverage as follows:

    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of the "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. \* \* \*

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Insuring Agreement, paragraph 1(a), at page 1 of 13.)

21.     Pursuant to the terms of the Commercial Liability Umbrella policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company excludes bodily injury and property damage liability coverage as follows:

> This insurance does not apply to:
> a.      Expected Or Intended Injury
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Exclusions, paragraph 2(a), at page 1 of 13.)

> r.      Personal And Advertising Injury
> "Bodily injury" arising out of "personal and advertising injury".

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Exclusions, paragraph 2(r), at page 4 of 13.)

> s.      Professional Services
> "Bodily injury" or "property damage" due to rendering or failure to render any professional service. This includes but is not limited to:
> a.      Legal, accounting or advertising services;
> b.      Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
> c.      Supervisory, inspection or engineering services;
> d.      Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

e.     Any health or therapeutic service treatment, advice or instruction;

f.     Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

g.     Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

h.     Body piercing services;

i.     Services in the practice of pharmacy; but this exclusion does not apply if you are a retail druggist or your operations are those of a retail drugstore;

j.     Law enforcement or firefighting services; and

k.     Handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Exclusions, paragraph 2(s), at page 4 of 13.)

22.     Pursuant to the terms of the Commercial Liability Umbrella policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company will provide personal and advertising injury liability coverage as follows:

We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of the "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. * * *

9

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section I – Coverages, Coverage B – Personal and Advertising Injury Liability, Insuring Agreement, paragraph 1(a), at page 1 of 13.)

     23.    Pursuant to the terms of the Commercial Liability Umbrella policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company excludes personal and advertising injury liability coverage as follows:

> This insurance does not apply to:
> a.    "Personal and advertising injury":
>     (1)    Knowing Violation of Rights of Another
>             Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
>     (2)    Material Published With Knowledge or Falsity
>             Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.
>     (3)    Material Published Prior To Policy Period
>             Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.
>     (4)    Criminal Acts
>             Arising out of a criminal act committed by or at the direction of the insured.
>     (5)    Contractual Liability
>             For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to:
>                 (a)    Liability for damages that the insured would have in the absence of the contract or agreement.
>                 (b)    Liability for false arrest, detention or imprisonment assumed by contract or agreement.
>
>                     \* \* \*

(15)    Professional Services

Arising out of the rendering or failure to render any professional service. This includes but is not limited to:

(a)    Legal, accounting or advertising services;

(b)    Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(c)    Supervisory, inspection or engineering services;

(d)    Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

(e)    Any health or therapeutic service treatment, advice or instruction;

(f)    Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

(g)    Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

(h)    Body piercing services;

(i)    Services in the practice of pharmacy; but this exclusion does not apply if you are a retail druggist or your operations are those of a retail drugstore;

(j)    Law enforcement or firefighting services; and

(k)    Handling, embalming, disposal, burial, cremation or disinterment of dead bodies.

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section I – Coverages, Coverage B – Personal and Advertising Injury Liability, Exclusions, paragraph 2(a), at pages 4-6 of 13.)

24.    Pursuant to the terms of the Commercial Liability Umbrella policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company defines the relevant terms as follows:

11

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section V – Definitions, paragraph 3, at page 10 of 13.)

"Property damage" means:
c.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
d.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

For the purpose of this insurance, electronic data is not tangible property.

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section V – Definitions, paragraph 18, at page 12 of 13.)

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
a.   False arrest, detention or imprisonment;
b.   Malicious prosecution;
c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupation of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
d.   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e.   Oral or written publication, in any manner, of material that violates a person's right of privacy;
f.   The use of another's advertising idea in your "advertisement"; or
g.   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section V – Definitions,

paragraph 14, at page 12 of 13.)

> "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purpose of this definition:
> a.   Notices that are published include material placed on the Internet or on similar electronic means of communication; and
> b.   Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purpose of attracting customers or supporters is considered an advertisement.

(Commercial Liability Umbrella policy of insurance, Exhibit B, Section V – Definitions,

paragraph 1, at page 10 of 13.)

25.     Pursuant to the terms of the Commercial Blanket Excess Liability policy of

insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc.,

American Family Mutual Insurance Company will provides bodily injury and property damage

liability coverage as follows:

> We will indemnify the insured the ultimate net loss in excess of the retained limit because of bodily injury or property damage to which this insurance applies. We will have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for bodily injury or property damage to which this insurance applies. But:
> (1)   The amount we will indemnify for ultimate net loss is limited as described in SECTION IV – LIMIT OF INSURANCE;
> (2)   We have a duty to defend any claims or suits to which this insurance applies, but which are not covered by any underlying insurance shown in the Declarations;
> (3)   We also have the duty to defend such claims or suits if the applicable limit of underlying insurance is exhausted;
> (4)   At our discretion, we may investigate any occurrence and settle any claim or suit; and
> (5)   Both our right and duty to defend any existing or future suits end when we have exhausted the applicable Limit of

> Insurance in indemnification of judgments or settlement under Coverages A and B.
>
> No other obligation or liability to indemnify or perform acts or services is covered unless explicitly provided for under Section II – DEFENSE.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section I – Insuring Agreements, Coverage A – Bodily Injury and Property Damage Liability, paragraph 1(a), at page 1 of 10.)

> It is agreed that:
> (1) The bodily injury or property damage must occur during the policy period of this policy;  * * *
> (4) The bodily injury or property damage must be caused by an occurrence; and
> (5) The occurrence must take place in the coverage territory.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section I – Insuring Agreements, Coverage A – Bodily Injury and Property Damage Liability, paragraph 1(b), at page 1 of 10.)

26.     Pursuant to the terms of the Commercial Blanket Excess Liability policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company excludes bodily injury and property damage liability coverage as follows:

> This insurance does not apply to:
> b.     "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section I – Insuring Agreements, Coverage A – Bodily Injury and Property Damage Liability, Exclusions, paragraph 2(b), at page 1 of 10.)

14

    c.    Bodily injury or property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to:

        (1)    Liability for damages that the insured would have in the absence of the contract or agreement.

        (2)    Liability for false arrest, detention or imprisonment assumed by contract or agreement.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section I – Insuring Agreements, Coverage A – Bodily Injury and Property Damage Liability, Exclusions, paragraph 2(c), at page 1 of 10.)

27.    Pursuant to the terms of the Commercial Blanket Excess Liability policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company will provide personal and advertising liability coverage as follows:

We will indemnify the insured the ultimate net loss in excess of the retained limit because of personal injury or advertising injury to which this insurance applies. We will have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for personal injury or advertising injury to which this insurance applies. But:

(1)    The amount we will indemnify for ultimate net loss is limited as described in SECTION IV – LIMIT OF INSURANCE;

(2)    We have a duty to defend any claims or suits to which this insurance applies, but which are not covered by any underlying insurance shown in the Declarations;

(3)    We also have the duty to defend such claims or suits if the applicable limit of underlying insurance is exhausted;

(4)    At our discretion, we may investigate any occurrence and settle any claim or suit; and

(5)    Both our right and duty to defend any existing or future suits end when we have exhausted the applicable Limit of Insurance in indemnification of judgments or settlement under Coverages A and B.

No other obligation or liability to indemnify or perform acts or services is covered unless explicitly provided for under Section II – DEFENSE.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section I – Insuring Agreements, Coverage B – Personal and Advertising Injury Liability, Insuring Agreement, paragraph 1(a), at page 4 of 10.)

28.     Pursuant to the terms of the Commercial Blanket Excess Liability policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company excludes personal and advertising injury liability coverage as follows:

> This insurance does not apply to:
> a.      Personal injury or advertising injury:
>> (1)     For which coverage is provided by underlying insurance written on a claims made basis, including any renewal or replacement of such policy;
>> (2)     Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;
>> (3)     Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;
>> (4)     Arising out of the willful violation of a penal statute or ordinance, committed by or with the consent of the insured; or
>> (5)     For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section I – Insuring Agreements, Coverage B – Personal and Advertising Injury Liability, Exclusions, paragraph 2(a), at page 4 of 10.)

29.     Pursuant to the terms of the Commercial Blanket Excess Liability policy of insurance issued by American Family Mutual Insurance Company to C.M.A. Mortgage, Inc., American Family Mutual Insurance Company defines the relevant terms as follows:

16

> "Bodily injury" means bodily injury, sickness or disease sustained by a natural person. This includes death, shock, fright, mental anguish, mental injury, or disability which results from any of these at any time.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section VI – Definitions, paragraph 4, at page 8 of 10.)

> "Property damage" means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section VI – Definitions, paragraph 16, at page 10 of 10.)

> "Personal and advertising injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment;
>
> b. Malicious prosecution;
>
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupation of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
>
> e. Oral or written publication, in any manner, of material that violates a person's right of privacy.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section VI – Definitions, paragraph 13, at page 9 of 10.)

> Advertising injury means injury arising out of one or more of the following offenses:

a.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b.  Oral or written publication of material that violates a person's right of privacy;

c.  Misappropriation of advertising ideas or style of doing business; or

d.  Infringement of copyright, title or slogan.

(Commercial Blanket Excess Liability policy of insurance, Exhibit C, Section VI – Definitions, paragraph 1, at page 8 of 10.)

30.     The allegations raised in the Underlying Lawsuit were not an accident, and do not include an "occurrence" as defined by the policies of insurance.

31.     The allegations raised in the Underlying Lawsuit are not covered as bodily injury, property damage and/or personal or advertising injury under the policies of insurance.

32.     To the extent the allegations raised in the Underlying Lawsuit relate to material that violates a person's right of privacy as to a consumer credit report under the Fair Credit Reporting Act, such allegations are not covered under the policies of insurance.

33.     The allegations raised in the Underlying Lawsuit are excluded from coverage and/or fail to satisfy the terms or conditions for liability coverage to be triggered.

34.     The allegations raised in the Underlying Lawsuit did not occur within the policy period and/or first occurred before the policy period such that no coverage exists for the allegations.

35.     The allegations raised in the Underlying Lawsuit relate to knowing, willful, intentional and/or expected acts by C.M.A. Mortgage, Inc. such that no coverage exists for the allegations.

36.     The allegations raised in the Underlying Lawsuit relate to the violation of a criminal or penal law or ordinance such that no coverage exists for the allegations.

18

37.     To the extent the allegations raised in the Underlying Lawsuit amount to a claim for invasion of privacy, defamation, libel and/or slander, the policies of insurance do not provide coverage for such allegations.

38.     The allegations raised in the Underlying Lawsuit indicate that the alleged material violating a person's right of privacy, defaming, libeling and/or slandering was not published to any third party.

39.     The allegations raised in the Underlying Lawsuit relate to the professional advertising by C.M.A. Mortgage, Inc. such that coverage would be excluded.

40.     Based upon the foregoing terms, conditions and/or exclusions, the policies of insurance would exclude coverage for the claims made by Jason Wanek against C.M.A. Mortgage, Inc.

41.     Plaintiff owes no insurance coverage to C.M.A. Mortgage, Inc. as a result of the Underlying Lawsuit by Jason Wanek.

42.     The policies of insurance issued by American Family Mutual Insurance Company do not provide indemnification for C.M.A. Mortgage, Inc. for the Underlying Lawsuit which is the subject of the complaint by Jason Wanek.

43.     The policies of insurance issued by American Family Mutual Insurance Company do not provide a duty to defend C.M.A. Mortgage, Inc. for the Underlying Lawsuit which is the subject of the complaint by the Jason Wanek.

44.     The policies of insurance issued by American Family Mutual Insurance Company do not provide indemnification for the claims of Jason Wanek as to the allegations made against C.M.A. Mortgage, Inc. in the Underlying Lawsuit.

45.     As the Plaintiff owes no insurance coverage, duty to defend or duty to indemnify C.M.A. Mortgage, Inc., the Plaintiff would owe no duty to pay any judgment rendered against C.M.A. Mortgage, Inc. on behalf of Jason Wanek in the Underlying Lawsuit.

46.     An actual dispute and controversy exists between the parties as to the extent of coverage and/or liability under the policies of insurance.

47.     American Family Mutual Insurance Company seeks a declaratory judgment that it is not liable to Jason Wanek for any judgment which may be rendered against C.M.A. Mortgage, Inc. in the Underlying Lawsuit.

48.     American Family Mutual Insurance Company seeks a declaratory judgment that it is not obligated to defend C.M.A. Mortgage, Inc. from the allegations of the complaint brought by Jason Wanek in the Underlying Lawsuit.

49.     American Family Mutual Insurance Company seeks a declaratory judgment that it is not obligated to provide liability coverage to C.M.A. Mortgage, Inc. for the allegations of the complaint brought by Jason Wanek in the Underlying Lawsuit.

50.     American Family Mutual Insurance Company seeks a declaratory judgment that it does not have a duty to indemnity C.M.A. Mortgage, Inc. from the allegations of the complaint brought by Jason Wanek in the Underlying Lawsuit.

WHEREFORE, American Family prays for the following relief:

(1)     That the Court declare and determine that the American Family Mutual Insurance Company policies do not cover C.M.A. Mortgage, Inc. for any claims arising out of the allegations by Jason Wanek in the Underlying Lawsuit.

(2)     That the Court declare and determine that American Family Mutual Insurance Company has no obligation to defend C.M.A. Mortgage, Inc. against any claims asserted by Jason Wanek arising out of the Underlying Lawsuit.

(3)     That the Court declare and determine that American Family Mutual Insurance Company has no obligation to compromise or settle any claim asserted by Jason Wanek against C.M.A. Mortgage, Inc. arising out of the Underlying Lawsuit.

(4)     That the Court declare and determine that American Family Mutual Insurance Company has no obligation to pay or satisfy, in whole or in part, any judgment that may be rendered against C.M.A. Mortgage, Inc. in any action brought against it by Jason Wanek arising out of the Underlying Lawsuit.

(5)     And for all other proper relief.

Respectfully submitted,

OSBORN HINER & LISHER P.C.

Robert S. O'Dell, Attorney No. 13735-53
Attorney for the Plaintiff, American Family Mutual Insurance Company

OSBORN HINER & LISHER P.C.
8500 Keystone Crossing, Suite 480
Indianapolis, Indiana 46240
Telephone:     (317) 257-2400
Facsimile:     (317) 722-4840
rodell@ohllaw.com

G:\RSO\06528\Complaint for Declaratory Judgment.doc