UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | 1:06-cv-1044-SEB-JPG |
| C.M.A. MORTGAGE, INC. d/b/a EMINENT MORTGAGE COMPANY and JASON WANEK, Defendant. | ) ) ) ) ) | |

## ENTRY ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE EXHIBITS

The complaint in this case was brought by American Family Mutual Insurance Company ("American Family") which, it is alleged, issued three separate insurance policies to Defendant, C.M.A. Mortgage, Inc. ("C.M.A."). American Family seeks a declaratory ruling that it has no duty to C.M.A. to indemnify or defend the claims in a lawsuit implicating those three policies brought by Defendant Jason Wanek. Wanek has filed a class action complaint against C.M.A. in the Northern District of Illinois, alleging that by pre-screening him and other consumers as to their eligibility for insurance coverage by preliminarily reviewing and evaluating their credit reports without their permission, C.M.A. violated their rights under the Fair Credit Reporting Act.

Wanek is named as a defendant in this lawsuit by American Family apparently based on his interest in recovering against C.M.A. on the underlying claim. In response to American Family's complaint, Wanek has filed a counterclaim seeking a declaration that: 1) American Family is obligated to defend and indemnify CMA; 2) American Family has negligently or willfully failed to attempt to settle the claims against C.M.A. in good faith; and, 3) American Family is liable for any damages awarded against C.M.A. in favor of the class which are determined to exceed the policy limits. American Family has moved to dismiss Wanek's counterclaim and to have the court strike certain exhibits which Wanek attached to his brief in opposing the motion to dismiss. These two motions we address below.

*Discussion*

American Family characterizes Wanek as a third party seeking to recover from its insured and as such lacks standing or any legal entitlement to bring a direct action against it. Wanek rejoins that he is entitled by law to seek a declaration from this court that the insured has coverage under the American Family insurance policies. Being duly advised, we conclude that, under Indiana law, Wanek has standing to bring a declaratory judgment action based on the issue of coverage but, to the extent his counterclaim seeks additional relief from American Family, it lacks authority under Indiana law.

Generally speaking, no direct action for damages may be maintained by an injured third party against the insurer of the party said to be liable for the injury. *Wilson v. Continental Cas. Co.*, 778 N.E.2d 849, 851 (Ind. App. 2002). However, Indiana law recognizes an exception to this general rule which entitles an injured individual to seek a declaration of coverage against the insurer of the tortfeasor before the injured party's claim has been reduced to judgment. *Id.*; *see also, Community Action of Greater Indianapolis, Inc., v. Indiana Farmers Mut. Ins. Co.,* 708 N.E.2d 882, 885 (Ind. App. 1999). Because the case at bar does not involve an underlying tort claim, we must initially address whether the right that inures to the benefit of a tort victim to seek a declaratory judgment also extends to a party alleging a statutory violation against the insured party. Our analysis causes us to resolve that question in the affirmative.

Under Indiana law, a third party has been found to have standing to seek a declaratory judgment in cases involving weather damage to a construction project, *Community Action of Greater Indianapolis, Inc., v. Indiana Farmers Mut. Ins. Co.,* 708 N.E.2d 882 (Ind. App. 1999), attorney negligence, *Wilson v. Continental Cas. Co.*, 778 N.E.2d 849, 851 (Ind. App. 2002) and environmental damage to property, *City of South Bend v. Century Indem. Co.,* 821 N.E.2d 5 (Ind. App. 2005). None of these decisions directly addressed the scope and nature of the underlying theories of liability raised by the third parties, no doubt because general liability insurance policies, such as that at issue here, ordinarily provide coverage for events or occurrences beyond negligence or tort

damages.  Here, no physical damage is claimed by Wanek either to himself personally or to his property, which may turn out to be relevant in resolving issues of coverage under the policies, but is not in terms of resolving the issue of standing to seek such a determination.

We note that Wanek's counterclaim not only seeks a determination that coverage applies, but also a ruling that American Family has refused to attempt to settle the underlying claim within policy limits and therefore is liable for any damages in excess of policy limits awarded against C.M.A.  This claim is based on a breach of the duty to act in good faith.  However, any such duty on the part of American Family would extend to C.M.A., not to Wanek.  The exception to Indiana's bar on direct actions by third parties does not reach this far. *See Menefee v. Shur*, 751 N.E.2d 757 (Ind. App. 2001). Consequently, Wanek's counterclaim seeking a declaration that American Family has acted in bad faith and is thus liable for damages beyond coverage limits, must be dismissed under Fed. R. Civ. P. 12(b)(6).  *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1959-60 (2007).

Finally, regarding American Family's motion to strike, we view this as procedural distraction at best. Independent motions to strike are most often a waste of time, both at the appellate and trial levels.  *Redwood v. Dobson,* 476 F.3d 462, 471 (7th Cir. 2007); *Stephens v. Papa John's USA, Inc.,* 2007 WL 951924, p.*3 (S.D. Ind.).   This motion is no exception.  American Family's desire to challenge the appropriateness of a document

submitted by Wanek in support of its motion to dismiss could have been raised in a footnote in its reply brief, rather than via an independent motion.  Instead, the court was required to conduct a full review of the exhibits submitted by Wanek in order to rule on the motion to dismiss, which obviously made American Family's motion superfluous.  Accordingly, we deny the motion to strike as moot.

*Conclusion*

American Family named Wanek in this declaratory judgment action based on Wanek's interest in the resolution of the underlying issues between it and C.M.A., and, correspondingly, Wanek has an actionable claim under Indiana law to request a judicial determination as to the coverage available to C.M.A. under the American Family policies for the same reason.  American Family's complaint seeking declaratory relief mirrors Wanek's counterclaim and Wanek is entitled to assert his claim separately.  The motion to dismiss Wanek's counterclaim must therefore be denied.  However, Wanek does not have a right to pursue a claim for damages based on American Family's alleged bad faith, either on his own behalf or on C.M.A.'s behalf, and American Family's motion to dismiss that portion of his counterclaim must be granted.

Accordingly, the Motion to Dismiss Counterclaim or for Judgment on the Pleadings (**Doc.# 25**) filed by American Family is GRANTED IN PART and DENIED IN PART.  Plaintiff's Motion to Strike Exhibits to Defendant's Response to Plaintiff's Motion to Dismiss Counterclaim (**Doc. #33**) is DENIED AS MOOT.

IT IS SO ORDERED.

Date:  08/27/2007

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Daniel A. Edelman
EDELMAN COMBS LATTURNER &
GOODWIN LLC
dedelman@edcombs.com

Cassandra P. Miller
EDELMAN COMBS LATTURNER
GOODWIN
cmiller@edcombs.com

Robert Scott O'Dell
O'DELL & ASSOCIATES PC
rodell@odell-lawfirm.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net