UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br>    Plaintiff,<br><br>  vs.<br><br>C.M.A. MORTGAGE, INC. d/b/a EMINENT MORTGAGE COMPANY and JASON WANEK,<br>    Defendants. | )<br>)<br>)<br>)<br>)    1:06-cv-1044-SEB-JMS<br>)<br>)<br>)<br>)<br>) |

**ENTRY DENYING PLAINTIFF'S MOTION TO STAY EXECUTION
AND ADDRESSING PLAINTIFF'S MOTION FOR MODIFICATION OF JUDGMENT**

This is a declaratory judgment action brought by the Plaintiff, American Family Mutual Insurance Company ("American Family"). The insurer sought a determination with regard to its obligation to defend and indemnify its insured, C.M.A. Mortgage, Inc. ("CMA"), a Defendant in this case, in connection with a FCRA class action brought against CMA, in Illinois, by Jason Wanek, another Defendant in this case. On March 31, 2008, we issued an Entry on Cross Motions For Summary Judgment. At that time, we ruled that American Family owed CMA a defense in the Illinois litigation. Though we discussed the fact that the insurer could not rely on certain exclusions in the Business Owners and Umbrella policies it issued to CMA to deny coverage, we did not reach a final conclusion on the issue of indemnity under the policies, because, after Plaintiff had

filed its summary judgment motion, we allowed it to file an amended complaint which asserted an additional basis for denying indemnity based on intervening acts of the insured.  The additional basis for denying indemnity, which was not the subject of briefing on the cross motions for summary judgment,  was a voluntary settlement of the FCRA class action case in Illinois, which CMA entered into over the objection of American Family.  That settlement was reached subsequent to the filing of this declaratory judgment action, and had yet to be approved by the trial court in Illinois.

Our intent was to withhold any declaratory judgment on the issue of indemnity until we could address the additional new issue raised in the amended complaint.  Through inadvertence, however, we entered a judgment entitled "Final Judgment," and the Plaintiff unfortunately but quite understandably took us at our word, despite the fact that the narrative of the judgment entry did not jibe with its title.  In any event, Plaintiff thereafter filed an appeal of that "Final Judgment", rather than a Rule 60 motion which would have been the appropriate way to raise the issue of an obvious inconsistency between the title and the content of the judgment.  Not until Plaintiff filed a Motion to Stay Execution on Judgments in this case as well as in the Illinois case (after judgment had been entered in the underlying Illinois litigation between Wanek and CMA and Wanek sought to discover assets) did we discover our mistake.  Thereafter, we convened a telephone conference with the attorneys for the parties to discuss the current state of affairs.

Following that phone conference, and at our suggestion, Plaintiff filed its Motion for Modification of Judgment, requesting that we either add a recitation to our earlier ruling and entry to certify to there being no just cause for delay, pursuant to Fed. R. Civ. P. 54, thereby allowing Plaintiff to seek an appeal of less than a final judgment, or that we enter an order, pursuant to Rule 60(a), expressing our inclination to modify the "Final Judgment" to state explicitly that it was not intended to dispose of all claims or issues in the case.[1]  Defendants oppose the first suggested modification, but do not oppose the latter.

The latter course of action is clearly the preferred one in our opinion and therefore the one we shall allow.  We never intended that our ruling on the cross motions for summary judgment be entered as a final judgment and regret that our misleading heading has resulted in both confusion and inefficiency in this litigation.  American Family believes that, since the appellate briefs have already been filed, the most efficient and expeditious course would be simply to add the Rule 54 language.  However, we do not accept that suggestion because, by adding that language we would indicate that more than one claim was made by American Family.  True,  more than one basis for denying indemnity has been asserted by the insurer, but because this is a declaratory judgment

---

[1]Once the Court of Appeals accepts appellate jurisdiction, we can not modify a judgment without its approval.  However, pursuant to Circuit Rule 57, upon motion of a party, we can indicate our inclination to modify a judgment pursuant to Fed. R. Civ. P. 60 and the same can be taken to the Court of Appeals for its consideration.

action, even though there may be more than one policy and provision at issue, the sole "claim" of American Family is that it owes no coverage under its policies. By noting here our inclination to modify the current judgment, the parties can inform the Court of Appeals accordingly, allowing that court to decide if it prefers to remand the case to us to address those issues we did not address in our earlier ruling or to proceed with their *de novo* review of the case as it is currently placed before them.

As for the Plaintiff's Motion to Stay Execution On Judgments, we have no jurisdiction to enter such an order with regard to the Illinois litigation. The judgment we previously entered is a declaratory judgment, without any monetary award upon which a party could execute. This request must be resolved by our sister court in Illinois regarding whether to stay execution of the judgment and any monetary award, which it has ordered in the underlying litigation.

Accordingly, Plaintiff's Motion to Stay Execution On Judgments (Doc. #117) is DENIED for lack of jurisdiction. Pursuant to Circuit Rule 57, we indicate here our inclination to grant Plaintiff's Motion For Modification of Judgment (Doc. #125), pursuant to Fed. R. Civ. P. 60(a), in order to expressly hold that we have not reached a final determination on all issues raised in Plaintiff's Amended Complaint.

IT IS SO ORDERED   10/21/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Daniel A. Edelman
EDELMAN COMBS LATTURNER &
GOODWIN LLC
dedelman@edcombs.com

Cassandra P. Miller
EDELMAN COMBS LATTURNER
GOODWIN
cmiller@edcombs.com

Robert Scott O'Dell
O'DELL & ASSOCIATES PC
rodell@odell-lawfirm.com

Rhonda Hanna Veen
THE WEATHERS LAW OFFICE
rhonda@sawlaw.net

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net